Steven T. Lowe, Esq. SBN 122208
Kris LeFan, Esq., SBN 278611
**LOWE & ASSOCIATES, P.C.**
11400 Olympic Blvd., Suite 640
Los Angeles, CA 90064
Telephone: (310) 477-5811
Facsimile: (310) 477-7672
kris@lowelaw.com

*Attorneys for Defendant*
Tejas Research, LLC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **ADOBE SYSTEMS INCORPORATED,**<br><br>                    Plaintiff,<br><br>        v.<br><br>**TEJAS RESEARCH, LLC,**<br><br>                    Defendant. | Case No. 3:14-cv-00868-EMC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Date: June 26, 2014<br>Time: 1:30 p.m.<br>Courtroom: 5  17th Floor<br>Hon. Edward M. Chen |

TO PLAINTIFF ADOBE SYSTEMS INCORPORATED AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 26, 2014 at 1:30 p.m. in the Courtroom of the Honorable Edward M. Chen of the above referenced court, located at 450 Golden Gate Avenue, San Francisco, CA  94102, Defendant Tejas Research, LLC will move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and (3) on the grounds that the court lacks personal jurisdiction.

-1-

Defendant Tejas Research, LLC seeks that the Court dismiss Adobe Systems Incorporated action for lack of personal jurisdiction.

This Motion will be based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Guy Fielder, the files and records in this action, argument of counsel, and upon such other and further matter adduced at the hearing or of which the court takes judicial notice.

DATED May 12, 2014.                                              Respectfully submitted,

By: /s/
Kris S. LeFan

## TABLE OF CONTENTS

I. INTRODUCTION .......................................................................................................... 1

II. FACTUAL BACKGROUND ........................................................................................ 2

A. Tejas Research, LLC ................................................................................................... 2

B. Guy Fielder ................................................................................................................... 3

C. Adobe and its allegations regarding non-infringement of Tejas's patent ................ 3

III. DISCUSSION ................................................................................................................ 4

A. Tejas is not subject to personal jurisdiction ............................................................. 4

1. The Court lacks general jurisdiction because Tejas's contacts do not "approximate physical presence ..................................................................................................................... 5

a. The mere existence of a licensing agreement between Tejas and California entities do not subject Tejas to personal jurisdiction .................................................................................. 6

b. Tejas's litigation against California entities in Texas does not subject Tejas to California's personal jurisdiction ................................................................................................................ 8

2. The Court lacks specific jurisdiction because Tejas has not purposefully directed activity to California, and because the exercise of jurisdiction would be unreasonable.............................. 9

IV. CONCLUSION................................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**

*Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008)……………………...…….…..…….4, 9

*Amba Marketing Systems, Inc. v. Jobar Intern.*, 551 F.2d 784 (9th Cir. 1977)…………………..4

*Akro Corp. v. Luker*, 45 F.3d 1541, 33 U.S.P.Q.2D (BNA) 1505 (Fed. Cir. 1995) …….........……4

*CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107 (9th Cir. 2004)………………..……..4, 11

*Peterson v. Highland Music, Inc.*, 140 F.3d 1313 (9th Cir. 1998)……………………………..….4

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)…………………..4

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174 (1985)…………………...5, 7, 10

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S. Ct. 1868 (1984)……….5

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082 (9th Cir. 2000)...........…….…....5

*Glencore Grain v. Shivnath Rai Harnarain*, 284 F.3d 1114 (9th Cir. 2002)……………….…..5

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 47 U.S.P.Q.2D (BNA) 1192 (Fed. Cir. 1998)………………………………………………………………………... 6, 7, 8, 10

*World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 100 S. Ct. 559 (1980)…………...………7

*Kulko v. California Superior Court,* 436 U.S. 84, 98 S. Ct. 1690 (1978)…………………….…7

*Hanson v. Denckla*, 357 U.S. 235, 78 S. Ct. 1228 (1958)……………………………………...,7

**Statutes**

CAL. CODE. CIV. PROC. § 410.10......................................................................................4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

### I. INTRODUCTION

Defendant Tejas Research, LLC ("Tejas") respectfully requests the Court to dismiss this lawsuit on the basis of lack of personal jurisdiction. Tejas is a limited liability company whose principal place of business is located at 719 West Front Street, Suite 174, Tyler, Texas 75702. Tejas was formed under the laws of Texas and is only registered to transact business in the state of Texas. Tejas is owned by Fielder Properties Management, LLC ("Fielder") whose principal place of business is 2616 Maria Anna Rd Ste 1000, Austin, TX 78703. Fielder was also formed under the laws of Texas and is only registered to do business in the state of Texas. Neither Tejas nor Fielder have: (i) any offices, (ii) employees, (iii) bank accounts, (iv) equipment, or (v) property in California. Neither Tejas nor Fielder have ever (vi) owned, leased, or controlled property in the state of California; (vii) been organized under California laws; (viii) been registered to transact business in California; (ix) sent employees or had agents travel to California on the entities' behalf; (x) filed suit in California; (xi) paid taxes in California; or (xii) conducted print, radio, television, or any other advertising that was directed to California residents.

The owner, creator, and only employee of Tejas and Fielder is Guy Fielder ("Guy"). Guy lives in Texas, has his office in Texas, and transacts all of his business from Texas. Guy has never traveled to California to conduct business on behalf of Tejas.

The sole contacts relied upon by Adobe to bring litigation against Tejas in California are four licensing agreements requiring a one-time lump sum payment from the licensees which was entered into between Tejas and two parent companies, one of which was organized under the laws of Delaware, and the fact that some of the parties Tejas has sued previously are residents of California. The four companies listed by Adobe in its complaint that Tejas has licensing

agreements with include Vivid Entertainment Group (organized and registered in California); Vivid Entertainment, LLC (organized and registered in California); Playboy Enterprises, Inc. (a company organized under Delaware law but registered to do business in California); and Playboy.com, Inc. (a company organized under Delaware law but registered to do business in California). Thus only one parent company, Vivid, is organized under the laws of California.

Tejas has not directed its business activities towards the State of California, could not have reasonably anticipated being haled into court here, and therefore this Court lacks personal jurisdiction over Tejas. Because personal jurisdiction is improper, Adobe's Complaint should be dismissed.

## II. FACTUAL BACKGROUND

**A. Tejas Research, LLC**

Tejas is a Texas limited liability company that was formed on October 2, 2010. (Declaration of Guy Fielder ("Guy Decl."), ¶ 2.) Tejas was assigned the patent in suit, patent 6,006,231 ("patent '231" or "patent-in-suit"), from FTX Exchange, LLC on March 14, 2013. (Guy Decl., ¶ 8.) The patent is entitled "File format for an image including multiple versions of an image, and related system and method." Tejas does not produce or distribute any product using the '231 patent or otherwise. (Guy Decl., ¶ 3.) Before the filing of this action Tejas had not contacted, attempted to negotiate with, or initiated litigation against Adobe. (Guy Decl., ¶ 9.)

Tejas does not have any employees other than the owner, Guy, either in the State of Texas or elsewhere. (Guy Decl., ¶ 5.) Tejas does not have an office outside the State of Texas. (Guy Decl., ¶ 6.) Tejas does not advertise in magazines, newspapers or through television or radio nor does it own or operate a website. (Guy Decl., ¶ 4, 11.) Tejas does not conduct events or sponsor promotions. (Guy Decl., ¶ 11.) Tejas has not owned or leased any real or personal property in California, nor has Tejas ever owed or been required to pay taxes in California. (Guy Decl., ¶ 6.) Tejas has never maintained a registered agent for service in the State of California. (Guy Decl. ¶

2.) Of Tejas's total number of licensing agreements, an insignificant portion are with companies organized under the laws of California. (Guy Decl., ¶ 12.) Tejas has, at present, at least 12 license agreements involving the '231 patent, two of which are with Vivid Entertainment Group/Vivid Entertainment, LLC and Playboy Enterprises, Inc./Playboy.com, Inc. California. (Guy Decl., ¶ 12.)

**B. Guy Fielder**

Guy Fielder is a resident of Austin, Texas and has lived in Texas for his entire life. (Guy Decl., ¶ 1.) Guy has not owned or leased any real or personal property in California, nor has Guy ever owed or been required to pay taxes in California. (Guy Decl., ¶ 6.)

**C. Adobe and its allegations regarding Tejas**

On February 26, 2014 Adobe filed a Complaint for Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,006,231 ("Complaint") against Tejas seeking a judicial declaration of non-infringement by Adobe.

Adobe is organized under the laws of Delaware with a principal place of business at 345 Park Avenue, San Jose, CA 95110. (Complaint, ¶ 2.) Adobe states that its vision is to "revolutionize how the world engages with ideas and information. *Id*.

Adobe claims that this Court has personal jurisdiction based upon its broad and general statement in its Complaint that:

> "On information and belief, Tejas has maintained continuous and systematic contacts with the state of California since its inception, and has purposefully directed its activities at, and/or consummated transactions with, residents of California, and/or has performed certain acts that have purposefully availed itself of the privilege of conducting activities in the state of California, and has thereby invoked the benefits and protections of its laws." (Complaint, ¶ 6)

Adobe bases its misguided belief of personal jurisdiction on (i) Tejas's patent litigation actions directed at California residents; (ii) Tejas's negotiations and settlement/licensing agreements with California entities; and (iii) Adobe's apprehension that it will be sued for infringement of the '231 patent.

## III. DISCUSSION

**A. Tejas is not subject to personal jurisdiction in the State of California.**

In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Here, Adobe cannot "simply rest on the bare allegations of its complaint," but rather must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Marketing Systems, Inc. v. Jobar Intern.*, 551 F.2d 784, 787 (9th Cir. 1977).

In declaratory judgment actions that involve patentees as defendants, the law of the Federal Circuit governs. See *Akro Corp. v. Luker*, 45 F.3d 1541, 1543, 33 U.S.P.Q.2D (BNA) 1505, 1506-07 (Fed. Cir. 1995) When no federal statute specifically confers personal jurisdiction, the district court applies the law of the forum state. *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1110 (9th Cir. 2004). California's long-arm statute permits California courts to exercise jurisdiction on any basis consistent with the Constitutions of California and the United States, i.e., to the limits of due process. CAL. CODE. CIV. PROC. § 410.10; *see also Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1317 n. 2 (9th Cir. 1998).

A court may exercise personal jurisdiction over a non-resident defendant consistent with due process only if he or she has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (internal quotations omitted). The "minimum contacts" test examines the number and nature of a defendant's contacts with the forum. *Id.*

There are two forms of personal jurisdiction that a forum state may exercise over a non-resident defendant – specific jurisdiction and general jurisdiction. Specific jurisdiction exists

when the cause of action at issue "arises out of or relates to" a defendant's contacts within the forum state even if those contacts are "isolated and sporadic." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-473, 105 S. Ct. 2174 (1985). General jurisdiction exists when a defendant has contacts with a forum state that are "continuous and systematic" even when the cause of action has no relation to those contacts. See *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16, 104 S. Ct. 1868 (1984). In both situations, contacts are only considered in the determination of personal jurisdiction when they are purposefully directed at the forum or its residents. "Random," "fortuitous," or "attenuated" contacts do not count in the minimum contacts calculus. *Burger King Corp.*, 471 U.S. at 475. Similarly, contacts resulting from the "unilateral activity" of others do not count. *Id*. at 475. For the reasons stated below, Tejas is not subject to personal jurisdiction in California.

**1. The Court lacks general jurisdiction because Tejas's contacts with California do not "approximate physical presence".**

General jurisdiction exists where the business contacts with the forum state are so substantial, continuous and systematic that they "approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). The types of contacts with a forum state determined by courts to confirm general jurisdiction include, ownership of property, the maintenance of bank accounts, having employees, soliciting business, or having a designated agent in the state. *See Glencore Grain v. Shivnath Rai Harnarain*, 284 F.3d 1114, 1124-25 (9th Cir. 2002). Conversely, "engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders." *Bancroft & Masters, Inc.*, 223 F.3d at 1086. As discussed below, Tejas has no contacts with the state of California other than its license agreements with California companies that were entered into via telephone in Texas and lawsuits against California companies which were filed in Texas. (Guy Declaration, ¶ 13.) Additionally, Tejas does not own property, maintain bank

accounts, have employees, solicit business, or have a designated agent in California. (Guy Declaration, ¶ 14.)

### *a. The mere existence of a licensing agreement between Tejas and California entities do not subject Tejas to personal jurisdiction.*

Adobe argues that Tejas's license agreements with California entities subject Tejas to personal jurisdiction in California; however, the mere existence of a licensing agreement between a patentee and a licensee who does business in a forum state does not create the minimum contacts necessary for personal jurisdiction in that state. *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 47 U.S.P.Q.2D (BNA) 1192 (Fed. Cir. 1998)  ("*Red Wing*"). The Federal Circuit has held that the critical factor in exercising personal jurisdiction based on the existence of a licensing agreement is the patentee's contacts with that licensee and the forum state *in* the forum state. *Id*. at 1362, (emphasis added). In this analysis the Federal Circuit has emphasized the importance of the exclusive nature of the license and the creation of continuing obligations in the forum state such as defending any infringement actions involving the licensed patent; controlling the sale or use of the product using the patent; and a choice of law provision that is the same as the state as the forum state. *Id.*

In *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.* the Federal Circuit upheld a district court's determination that Red Wing could not bring a declaratory action for non-infringement of Hockerson-Halberstadt Inc.'s ("HHI") patent because the district court did not have personal jurisdiction despite the significant amount of contacts between HHI's licensees and the forum state. *Id.* HHI did not produce or distribute products but had numerous licensees which it allowed to use the technology described in its patent in products that were distributed to residents of the forum state. Although none of HHI's licensees were incorporated in the forum state, HHI's licensees did have "extensive contacts" with the forum state and six licensees that had stores or were registered to do business in the forum state. *Id.* at 1361. The *Red Wing* Court held that

despite HHI's licensees "extensive contacts" with the forum state, HHI was not subject to personal jurisdiction because the licensee's unilateral business activity is not attributable to HHI. *Id*. In simple terms, doing business with a company that does business in a state is not the same as doing business in that state. *Id*. The Supreme Court has made clear that contacts resulting from "the unilateral activity of another party or third person" are not attributable to a defendant. *Id*. (Citing *Burger King*, 471 U.S. at 475; *World-Wide Volkswagen v. Woodson*, 444 U.S. 286 (1980); *Kulko v. California Superior Court*, 436 U.S. 84, 98 S. Ct. 1690 (1978); and *Hanson v. Denckla*, 357 U.S. 235, 78 S. Ct. 1228 (1958).

HHI's licensee's contacts with the forum state stemmed mostly from the sale of products using HHI's patented technology to residents of the forum states and from the licensee's stores in the forum state. *Red Wing* at 1361. Here, Tejas's patented technology deals with the use of images on a website and thus, Tejas's licensees do not distribute products in California that use Tejas's patented technology which make Tejas's licensee's contacts even more attenuated than HHI's licensee's contacts in this regard. Additionally, Tejas's license agreements with Playboy and Vivid required a one-time payment for the licensed use of the patent; Playboy and Vivid are not required to pay any type of royalty or additional payments; Tejas is not required to defend its licensees against patent infringement actions; Tejas has no control over how its licensees use the images on their website; and the choice of law provision in the license agreements is not California. *See* Playboy and Vivid License Agreements. Thus, Tejas has no continuing obligations to Playboy or Vivid that require contacts with California or its residents and should not be subject to personal jurisdiction in California based on the unilateral activity of Playboy and Vivid.

The *Red Wing* Court went on to say that none of HHI's licensees resided in the forum state and to the extent any of the licensees were residents, HII had no dealings with them there.

*Id.* Here, although Tejas's licensees, Vivid and Playboy, have principal places of business in California and Vivid was formed under the laws of California, Tejas has had no dealing with either company in California. Tejas and its attorneys performed all negotiations for the licenses via telephone from its offices in Texas and did not travel to California at any point during or after negotiations for the purposes of negotiating the license agreement. (Guy Decl., ¶ 7.) Further, the discovery of the use of the patented technology in the licensee's website was made in Texas while viewing the licensee's websites. (Guy Decl., ¶ 7.)

The *Red Wing* Court also negates any argument of personal jurisdiction based on the "stream of commerce" theory:

> "Red Wing's attempt to describe HHI's licensees as a "distribution channel" in order to invoke a "stream of commerce" theory also falls short. *Cf. Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 38 U.S.P.Q.2D (BNA) 1833 (Fed. Cir. 1996) (recognizing and applying the "stream of commerce" theory). HHI's product is a covenant not to sue, not a shoe incorporating the patented technology. As such, HHI's product never enters the stream of commerce. The products of HHI's licensees may do so, but HHI has no control over their activities. The licensees are not HHI's agents. Thus, the "stream of commerce" theory is inapplicable in this case." *Red Wing* at 1362.

Again, Tejas has no product and the only type of product or service that Tejas's licensees use the patent-in-suit for is their website. Accordingly, no product enters California's stream of commerce as Tejas's "product" is a license and Vivid's and Playboy's use of the patent-in-suit is restricted to their website.

General jurisdiction does not exist as Tejas's only relation to California is through the unilateral activity of its licensees which the Federal Circuit has determined to be insufficient contacts for personal jurisdiction. These unilateral activities of Tejas's licensees fall far short of the substantial continuous and systematic contacts that "approximate physical presence" that is required for general jurisdiction. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc* at 1086.

**b. Tejas's litigation against California entities in Texas does not subject Tejas to California's personal jurisdiction.**

The fact that Tejas has initiated "patent litigation actions against various California entities involving the '231 patent, including Vivid Entertainment Group; Vivid Entertainment, LLC; Playboy Enterprises, Inc.; and Playboy.com, Inc." is not an action directed at California and thus does not subject Tejas to personal jurisdiction in California. (Complaint ¶7). All of the suits filed by Tejas involving the '231 patent have been filed in the Eastern District of Texas for infringement that has occurred in the state of Texas. The argument made by Adobe that the filing of a case in Texas subjects a Texas company to personal jurisdiction in California based on the fortuitous happenstance that some of the companies conduct business in California or were formed under California laws is unreasonable and based on the unilateral activity of those California companies. Therefore, Tejas should not be haled into court in California for these attenuated contacts with the forum state.

**2. The Court lacks specific jurisdiction because Tejas has not purposefully directed activity towards California, and because the exercise of jurisdiction would be unreasonable.**

Courts in the Ninth Circuit use a three part test to determine whether specific jurisdiction exists: (i) the nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or residents thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (ii) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (iii) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. *Boshcetto v. Hansing*, 539 F.3d at 1016. None of the three requirements has been met here.

Tejas has not purposefully directed any activities towards the state of California. Tejas entered into settlement and licensing agreements with California entities (who themselves direct activity towards California) based on litigation in Texas. These isolated activities of the California entities are insufficient contacts and are not aimed at the state of California. Tejas'

actions fall well short of purposefully directing its activities towards or purposefully availing itself of the privilege of conducting business in California.  Rather quite the opposite is true.  Tejas sued entities in Texas and consummated settlement and licensing agreements in Texas.

Additionally, the claim at issue here is not related to Tejas' forum related activities.  Assuming, *arguendo*, that the entering into the settlement and licensing agreements are forum related activities (which, in this case, they are not), these agreements are between Tejas and entirely distinct entities from the Plaintiff.  Adobe's claims have nothing to do with these settlement and licensing agreements, nor can they since Adobe is an entirely distinct entity.  Adobe has brought asserted claims that are simply unrelated to anything that could be considered a forum related activity giving rise to specific jurisdiction.

Even if Tejas's litigation against or licenses with California entities are related to the cause of action in this case, the "minimum requirements inherent in the concept of 'fair play and substantial justice' . . . defeat the reasonableness of jurisdiction." *Red Wing at 1360* (citing *Burger King,* 471 U.S. at 477-78. A patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement. *Red Wing* at 1361. Likewise, a patentee should not be subjected to personal jurisdiction in a forum solely by entering into an agreement via teleconference for the use of a patent in a website that was viewed in a different state or for initiating litigation in a different state against a company who fortuitously is a resident of the forum state. Grounding personal jurisdiction on such contacts alone would not comport with principles of fairness. *Id*. Thus, the mere fortuitous happenstance that Tejas has instituted litigation in the Eastern District of Texas and entered into licensing agreements against companies who do business in California does not subject Tejas to personal jurisdiction as such contacts alone would not comport with the principles of fairness.  Courts consider seven factors when making the determination of whether an exercise of jurisdiction comports with fair play and substantial justice: (1) the extent of the defendant's

purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiffs interest in convenient and effective relief; and (7) the existence of an alternative forum. *CE Distrib., LLC*, 380 F.3d at 1112. These factors weigh in favor of Tejas. As describe in depth above, Tejas has not interjected itself in California's affairs as it has not directed activity towards California. The burden on Tejas to defend against this action would be great as it would require significant time and expenses due to travelling back and forth between Texas and California by Tejas's sole employee, Guy Fielder, leaving Tejas's business affairs unattended. There is already litigation involving the patent-in-suit that is currently pending in Texas and thus the Defendant's state, Texas, has an interest in protecting its citizens' rights against patent infringement that took place in Texas. Additionally, Texas would be the most efficient jurisdiction due to its extensive knowledge from its dealings with cases involving the patent-in-suit and Tejas. California is not an important forum for Adobe's interests as Adobe could enforce its rights in Texas where Tejas resides and has initiated other patent litigation which would make Texas a much more convenient, alternative forum for this action. Because these factors weigh heavily in Tejas's favor, the exercise of personal jurisdiction would be unreasonable and would offend the traditional notions of fair play and substantial justice.

## IV. CONCLUSION

As set forth above, Tejas has not purposefully directed its actions towards the State of California. Accordingly, it is not subject to personal jurisdiction in this state. The mere existence of licenses with California entities which do not create continuing obligations are insufficient to subject Tejas to jurisdiction here. These contacts have not caused any harm to the State of California or its residents. The exercise of personal jurisdiction in this case would be

unreasonable and against the traditional notions of fair play and substantial justice, and it would subject Tejas to nationwide personal jurisdiction if it decides to do business with a company that does business nationwide. For the reasons set forth herein, Tejas respectfully requests that the Court grant Tejas's Motion and dismiss this lawsuit for lack of personal jurisdiction.

DATED May 12, 2014.                              Respectfully submitted,


By: /s/
    Kris S. LeFan
    *Attorneys for Defendant*
    Tejas Research, LLC